IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FAITH NJOKU,

       Plaintiff,

v.

WELLSPRING LIVING, INC.,

       Defendant.

CIVIL ACTION NO.

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendant Wellspring Living, Inc. ("Wellspring" or "Defendant") files this Notice of Removal of the civil action filed against it by Plaintiff Faith Njoku ("Plaintiff"), and states as follows:

### GROUNDS FOR REMOVAL

1.

On or about March 11, 2021, Defendant was served with a copy of Plaintiff's Complaint in the lawsuit styled as *Faith Njoku v. Wellspring Living,* Civil Action No. 20MS147625, filed in the Magistrate Court of Fulton County in the State of Georgia ("State Court Action"). No other pleadings have been served or filed in the State Court Action, nor has any court order been entered.

2.

Defendant files this notice of removal within thirty days of receipt of the Summons and Complaint in the State Court Action, as required by 28 U.S.C. § 1446(b).

3.

Venue is proper in the United States District Court for the Northern District of Georgia, Atlanta Division, as Plaintiff originally filed this case in Fulton County, Georgia.  *See* 28 U.S.C. § 1446(a).

4.

In accordance with 28 U.S.C. § 1446(d), Defendant will file a copy of this Notice with the Clerk of Court for the Magistrate Court of Fulton County, Georgia, and promptly serve a copy of this Notice on Plaintiff.

5.

Removal is proper under 28 U.S.C. § 1331 because Plaintiff's lawsuit involves a federal question.  Plaintiff's Complaint purports to assert claims under two federal laws: (1) the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"); and (2) the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("Section 1983").  *See* Complaint, attached hereto as Exhibit A.   Plaintiff states that her purported FLSA claim is for "minimum wage or overtime compensation," and that her purported Section 1983 claim is based on alleged "workplace harassment, unsafe employee

working conditions, failure to respond to harassment complaint and endangered child abuse." *Id.*

6.

Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff alleges violations of the FLSA and Section 1983, both federal laws. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 695-700 (2003) (holding that federal district courts have original jurisdiction over FLSA claims under 28 U.S.C. § 1331 as "arising under the Constitution, laws, or treaties of the United States."); *Pate v. Baldwin County, Alabama*, No. 1:19-00023-KD-B, 2019 WL 637712, *2 (S.D. Al. Feb. 14, 2019) (holding that federal district court had original jurisdiction under 28 U.S.C. § 1331 over claim for violation of 42 U.S.C. § 1983).

7.

In addition, this Court has supplemental jurisdiction over this action under 28 U.S.C. § 1367(a) because all claims contained in Plaintiff's Complaint—to the extent that any others exist, which Defendant denies—are so related to the federal claims in the action that they form part of the same case or controversy.

8.

Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of all process, pleadings, and orders served upon Defendant in this action to date.  *See* Exhibit A.

9.

Defendant files this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has stated claims upon which relief can be granted.

10.

As required by U.S.C. § 1446(d), Defendant is filing, contemporaneously with this Notice, a Notice of Filing Notice of Removal with the Clerk of the Magistrate Court of Fulton County, Georgia, informing the Clerk that Defendant is removing the action.  A copy of said Notice of Filing Notice of Removal is attached as Exhibit B.

Defendant prays that this Court take jurisdiction of this action to its conclusion and to final judgment and to the exclusion of any further proceedings in the state court in accordance with law.  Defendant furthers prays for such other and further relief to which it may be justly entitled.

Respectfully submitted this 9th day of April, 2021.

/s/ Dionysia Johnson-Massie
Dionysia Johnson-Massie
Georgia Bar No. 393323
djmassie@littler.com
Eric M. Schultz
Georgia Bar No. 452742
eschultz@littler.com

LITTLER MENDELSON, P.C.
3424 Peachtree Road NE
Suite 1200
Atlanta, GA  30326.4803
404.233.0330

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 9th, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

And I hereby do certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Faith Njoku, *pro se*
P.O. Box 13993
Atlanta, GA 30324

*/s/ Dionysia Johnson-Massie*
Dionysia Johnson-Massie
Georgia Bar No. 393323