## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

FAITH NJOKU,

        Plaintiff,

v.

WELLSPRING LIVING, INC.,

        Defendant.

CIVIL ACTION NO. 1:21-cv-01413-MLB

## DEFENDANT'S ANSWER AND AFFIRMATIVE AND
## OTHER DEFENSES TO PLAINTIFF'S STATEMENT OF CLAIM

Defendant Wellspring Living, Inc. ("Wellspring" or "Defendant") by and through its undersigned counsel, hereby files its Answer and Affirmative and Other Defenses to Plaintiff's Statement of Claim as follows:

## CLAIMS

1.

In response to the first sentence that begins with "cause" in Section 2 of Plaintiff's Statement of Claim, Defendant denies that it: failed to pay Plaintiff minimum wages, failed to pay Plaintiff overtime wages for work performed, and owes or owed Plaintiff overtime wages. To the extent that additional allegations exist in the first sentence that begins with "cause" in Section 2 of Plaintiff's Statement of Claim, the allegations call for a legal conclusion that does not require

a response.   To the extent additional allegations exist that require a response, Defendant denies the remaining allegations in the first sentence that begins with "cause" in Section 2 of Plaintiff's Statement of Claim.

2.

In response to the second sentence that begins with "cause" in Section 2 of Plaintiff's Statement of Claim, Defendant denies that it subjected Plaintiff to workplace harassment or unsafe working conditions, and denies that it failed to respond to a harassment Statement of Claim or that it is responsible for or has actual or constructive knowledge of purported child abuse.   To the extent that additional allegations exist in the second sentence that begins with "cause" in Section 2 of Plaintiff's Statement of Claim, the allegations call for a legal conclusion that does not require a response.   To the extent additional allegations exist that require a response, Defendant denies the remaining allegations in the second sentence that begins with "cause" in Section 2 of Plaintiff's Statement of Claim.

## **GENERAL DENIAL**

Any allegations contained in Plaintiff's Statement of Claim that Defendant did not specifically admit are expressly denied.

## **PRAYER FOR RELIEF**

Plaintiff's prayer for relief, purportedly located in Section 3 of Plaintiff's Statement of Claim, does not contain allegations to which Defendant is required to respond.  To the extent Section 3 contains allegations of fact, Defendant denies the allegations in Section 3 of Plaintiff's Statement of Claim.  Defendant further denies that Plaintiff is entitled to any relief whatsoever and further denies any and all liability with respect to any of Plaintiff's claims.  Defendant expressly denies that Plaintiff is entitled to any of the relief Plaintiff requests in Section 3 or any other portion of Plaintiff's Statement of Claim.

## **AFFIRMATIVE AND OTHER DEFENSES**

Defendant hereby states the following affirmative and additional defenses to Plaintiff's Statement of Claim as follows, but does not assume the burden of proof of any such defenses except as required by applicable law with respect to the particular defense asserted.

## **FIRST DEFENSE**

The Statement of Claim should be dismissed, in whole or in part, for failure to state a claim upon which relief may be granted.

## SECOND DEFENSE

Some or all of Plaintiff's claims may be barred by the applicable statute of limitations or may otherwise be untimely.

## THIRD DEFENSE

Some or all of Plaintiff's claims are barred by Plaintiff's failure to exhaust the statutory, administrative and/or jurisdictional prerequisites to the filing of the Statement of Claim.

## FOURTH DEFENSE

Defendant took no adverse employment action against Plaintiff.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent the work she performed falls within exemptions, exclusions, or credits provided for in the Fair Labor Standards Act and the regulations promulgated thereunder.  *See* 29 U.S.C. §§ 207, 213(a), 213(b).

## SIXTH DEFENSE

Some or all of the claims asserted by Plaintiff are barred because all acts or omissions were in good faith conformity with and reliance on the written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the United States Department of

Labor.

## SEVENTH DEFENSE

To the extent that Plaintiff makes a claim for liquidated damages, such claim is barred because Defendant at all times acted in good faith to comply with the FLSA, had reasonable grounds for believing it was in compliance with the law, and lacked a willfulness or intent to violate the FLSA.

## EIGHTH DEFENSE

Plaintiff's FLSA claim is barred, in whole or in part, by the provisions of section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which she engaged in activities which were preliminary or postliminary to her principal activities.

## NINTH DEFENSE

Some or all of Plaintiff's activities do not constitute compensable work time because they were not an integral and indispensable part of the Plaintiff's principal work activities, and, therefore, they were not compensable.

## TENTH DEFENSE

To the extent discovery reveals Plaintiff falsely reported her hours and there is no evidence that Defendant required the false reporting of hours; no evidence that Defendant encouraged Plaintiff to falsely report hours; and no evidence that

Defendant knew or should have known Plaintiff was providing false information as to hours, Defendant invokes the doctrine of estoppel to bar the claims asserted by Plaintiff.

## ELEVENTH DEFENSE

Defendant is entitled to offset any liability under the FLSA by any additional compensation and benefits over and above the monies paid to Plaintiff, including without limitation for time not worked, time for which Plaintiff was already paid or that otherwise constitute any form of premium or overpayment that Plaintiff was not entitled to receive, and to the extent further investigation and discovery reveal wrongful conduct and resulting monies owed to Defendant.

## TWELFTH DEFENSE

The Statement of Claim and Plaintiff's claims cannot be maintained against Defendant because the alleged losses or harms sustained, if any, resulted from the acts or omissions of Plaintiff.

## THIRTEENTH DEFENSE

Plaintiff was paid all wages due in accordance with the terms and conditions of her employment with Wellspring Living, Inc., and has been fully reimbursed through her compensation structure for all amounts to which she is legally entitled.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred to the extent any bankruptcy proceedings to which she is a party bars her claims based on estoppel, standing, or other grounds.

**FIFTEENTH DEFENSE**

In calculating overtime liability (if any, the existence of which Defendant denies), Defendant is entitled to exclusion of all elements of Plaintiff's compensation that are excludable from an employee's regular rate for purposes of calculating overtime, including but not limited to those elements that fall within section 7(e) of the FLSA, 29 U.S.C. § 207(e), and for all time spent on preliminary or postliminary activities excludable from hours worked under 29 U.S.C. § 254.

**SIXTEENTH DEFENSE**

Plaintiff is not entitled to an award of prejudgment interest even if Plaintiff prevails on any or all of the claims set forth in the Statement of Claim because the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred as to all hours alleged worked of which Defendant lacked constructive or actual knowledge.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any payments for prior overtime owed (which Defendant denies) must be calculated at no more than one-half of Plaintiff's regular rate of pay for the workweek in which the time was worked.

## NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, under the *de minimis* doctrine and/or because the damages (if any) associated with such claims are too speculative to be permitted.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent she failed to exercise reasonable diligence to avoid harm and/or failed to comply with her legal duty to mitigate her claimed damages.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant has committed no act or omission willfully or wantonly or with reckless indifference or intent to cause harm, injury, or other damage to Plaintiff.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant is not liable for acts, if any, by employees that were not authorized by Defendant, and such employee, if any, had no express or implied authority to engage in acts that were inconsistent with Defendant's written rules.

## TWENTY-THIRD DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of estoppel, waiver, unclean hands, laches, mootness and/or accord and satisfaction.

## TWENTY-FOURTH DEFENSE

Defendant is entitled to a set-off against Plaintiff's claim for damages in the amount(s) that Plaintiff did or could have earned through reasonable efforts.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's own conduct proximately caused her alleged injuries.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by after-acquired evidence.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any unlawful treatment

Plaintiff alleges she experienced.  At all material times, Defendant had in place policies prohibiting harassment; instructed employees to report any potential violation of said policies; and took prompt, effective action in response to any such complaints.  Further, plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided to her.

### TWENTY- EIGHTH DEFENSE

Defendant is not a state-actor, nor did it engage in conduct under the color of state law with respect to Plaintiff's employment.

### TWENTY-NINTH DEFENSE

Plaintiff is not entitled to attorneys' fees, costs or expenses.

### THIRTEETH DEFENSE

There is no causal connection between any exercise of protected rights by Plaintiff and any adverse employment action she alleges that she suffered (though Defendant denies that it took adverse employment action against Plaintiff). Plaintiff's claims are barred because Plaintiff's exercise of her rights under any law was not the "but for" cause of her separation of employment.

### THIRTY-FIRST DEFENSE

Even if there were evidence of discriminatory or retaliatory motivation (and there is not), Plaintiff would have been treated the same absent such motivation.

10

## **THIRTY-SECOND DEFENSE**

At all relevant times, Defendant acted in a manner which was proper, reasonable, lawful and in exercise of good faith.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to amend its Answer to add additional defenses or counterclaims which may become known during discovery or trial.

WHEREFORE having fully answered the Statement of Claim, Defendant respectfully requests that:

(a)     Judgment be entered in its favor and all claims asserted in this action be dismissed with prejudice;

(b)     Judgment be entered against Plaintiff in favor of Defendant for all costs and attorneys' fees incurred by Defendant in defense of this action; and

(c)     The Court grants Defendant such other relief as the Court may deem just and proper.

Respectfully submitted this 16th day of April, 2021.

*/s/ Dionysia Johnson-Massie*
Dionysia Johnson-Massie
Georgia Bar No. 393323
djmassie@littler.com
Eric M. Schultz
Georgia Bar No. 452742
eschultz@littler.com

LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E.
Suite 1200
Atlanta, GA  30326.1127
Telephone:  404.233.0330
Facsimile:   404.233.2361

Attorneys for Defendant

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 16th, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

And I hereby do certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

> Faith Njoku, *pro se*
> P.O. Box 13993
> Atlanta, GA 30324

> */s/ Dionysia Johnson-Massie*
> Dionysia Johnson-Massie
> Georgia Bar No. 393323