IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FAITH NJOKU,<br><br>        Plaintiff,<br><br>v.<br><br>WELLSPRING LIVING, INC.,<br><br>        Defendant. | CIVIL ACTION NO. 1:21-cv-01413-MLB |

**DEFENDANT'S PRELIMINARY REPORT AND DISCOVERY PLAN**

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.2, Defendant Wellspring Living, Inc. ("Wellspring" or "Defendant") submits its Preliminary Report and Discovery Plan, showing the Court as follows:[1]

**1.** **Description of Case:**

    (a)  **Describe briefly the nature of this action.**

This lawsuit is brought by Plaintiff, a former Wellspring employee, against Wellspring. Plaintiff appears to assert claims for: (1) alleged failure to pay minimum wages and/or unpaid overtime under the Fair Labor Standards Act, 29

---

[1] Wellspring submits this Preliminary Report and Discovery Plan separately from Plaintiff Faith Njoku ("Plaintiff") pursuant to Local Rule 16.2, because Plaintiff has not responded to repeated correspondence from Counsel for Defendant. (*See* Ex. A, Declaration of Eric M. Schultz).

U.S.C. § 216(b) ("FLSA"); and (2) alleged "workplace harassment, unsafe employee working conditions, failure to respond to harassment complaint and endangered child abuse" under Civil Rights Act of 1871, 42 U.S.C. § 1983 ("Section 1983").

    (b)    **Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Wellspring is a non-profit organization in Atlanta, Georgia that provides domestic sex trafficking victims and those at risk of sexual exploitation with specialized recovery services through residential and community-based programs.

On March 18, 2020, Wellspring hired Plaintiff as PRN Behavioral Health Specialist in the Organization's Receiving Hope Center. Wellspring's offer letter to Plaintiff stated that "[t]his position is part-time based out of the Receiving Hope Center on an 'As Needed' basis." Plaintiff's starting pay was $17.50/hour, and during her approximately nine-month tenure with the Organization, Wellspring paid Plaintiff $12,480.36 in overtime earnings for all hours worked for which she was entitled to overtime and of which Wellspring had actual or constructive knowledge.

On December 21, 2020, Plaintiff sent an email to Wellspring's Human Resources Manager stating that she was resigning from employment with Wellspring. In the email, Plaintiff stated: "I have enjoyed being a part of the

Wellspring Living community and I am grateful that I am leaving the organization on good terms with no indication of reprimands or behavioral concerns per how I did my job."

    (c)    **The legal issues to be tried are as follows:**

- Whether Plaintiff's Statement of Claim has stated a claim upon which relief could be granted;

- Whether Defendant took any adverse employment action against Plaintiff;

- Whether Plaintiff was constructively discharged from employment with Defendant;

- Whether Defendant failed to pay Plaintiff minimum wages for any hours she worked for which Defendant had actual or constructive knowledge;

- Whether Defendant failed to pay Plaintiff overtime wages for any hours she worked for which Defendant had actual or constructive knowledge;

- Whether Defendant is a state-actor;

- Whether Defendant engaged in conduct under the color of state law with respect to Plaintiff's employment;

- Whether Plaintiff failed to exhaust any statutory, administrative, and/or jurisdictional prerequisites to the filing of her Statement of Claim;

- Whether Defendant's other defenses have merit;

- How much, if any, damages should be awarded to Plaintiff; and

- Whether Plaintiff has mitigated her alleged damages, if any.

    (d)    **The cases listed below (include both style and action number) are:**

        (i)    **Pending Related Cases**: None

        (ii)    **Previously Adjudicated Related Cases**: *Njoku v. WellSpring Living*, 1:21-cv-783-MLB, dismissed without prejudice on April 23, 2021 for failure to state a claim. (*See* Ex. B, April 23, 2021 Order).

**2.**     **This case is complex because it possesses one (1) or more of the features listed below (please check):** None

|   |   |   |
|---|---|---|
| \_\_\_\_ | (1)  | Unusually large number of parties |
| \_\_\_\_ | (2)  | Unusually large number of claims or defenses |
| \_\_\_\_ | (3)  | Factual issues are exceptionally complex |
| \_\_\_\_ | (4)  | Greater than normal volume of evidence |
| \_\_\_\_ | (5)  | Extended discovery period is needed |
| \_\_\_\_ | (6)  | Problems locating or preserving evidence |
| \_\_\_\_ | (7)  | Pending parallel investigations or action by government |
| \_\_\_\_ | (8)  | Multiple use of experts |
| \_\_\_\_ | (9)  | Need for discovery outside United States boundaries |
| \_\_\_\_ | (10) | Existence of highly technical issues and proof |
| \_\_\_\_ | (11) | Unusually complex discovery of electronically stored information |

**3.**     **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for Defendant:

    Dionysia L. Johnson-Massie
    LITTLER MENDELSON, P.C.
    3424 Peachtree Road, N.E., Suite 1200
    Atlanta, GA 30326
    Telephone: (404) 233-0330
    Facsimile: (404) 233-2361

4. **Jurisdiction:**

   Is there any question regarding this Court's jurisdiction?

   \_\_\_\_\_ Yes   \_\_X\_\_ No

   If "yes" please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

   (a) The following persons are necessary parties who have not been joined:

   None.

   (b) The following persons are improperly joined as parties:

   None.

   (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

   Not applicable.

   (d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

   Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in L.R. 15.

   (a) List separately any amendments to the pleadings that the parties

anticipate will be necessary:

Defendant does not anticipate filing amended pleadings at this time.

(b) Amendments to the pleadings submitted LATER THAN JUNE 9, 2021 will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed BY JUNE 9, 2021, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: BEFORE SEPTEMBER 16, 2021 or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: BY OCTOBER 16, 2021, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

Defendant does not object to serving Initial Disclosures.

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

Defendant requests a scheduling conference with the Court to discuss Plaintiff's unresponsiveness as to Defendant's requests to schedule a Rule 26(f) conference.

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint, WHICH IS MAY 16, 2021. As stated in L.R. 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

- Plaintiff's performance while employed by Defendant;
- Plaintiff's hours worked and wages earned while employed by Defendant;
- The reasons Plaintiff resigned from employment with Defendant;
- Damages (including mitigation).

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery

7

should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

Defendant does not anticipate needing additional time.

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

    (a)    What changes should be made in the limitations on discovery under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None.

    (b)    Is any party seeking discovery of electronically stored information?

    __X__ Yes    _____ No

If "yes,"

    (i)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The Parties have not had the opportunity to discuss the sources and scope of the production of electronically stored information ("ESI") because Plaintiff did not respond to Counsel for Defendant's repeated requests for scheduling a Rule 26(f) conference.

    (ii)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF Files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The Parties have not had the opportunity to discuss the format for the production of ESI because Plaintiff did not respond to Counsel for Defendant's repeated requests for scheduling a Rule 26(f) conference.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.  Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

Defendant does not believe the Court should enter any such orders at this time.

**13.  Settlement Potential:**

(a)  Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on [NOT APPLICABLE (SEE BELOW)], and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**Defendant's Response:**

Counsel for Defendant attempted to contact Plaintiff to schedule a Rule 26(f) conference via e-mail on April 27, 29, and 30, 2021 at fnjokui681@gmail.com (the e-mail address listed for Plaintiff on the Statement of Claim she filed in the Magistrate Court of Fulton County, before Wellspring removed the lawsuit to this Court), and via telephone on April 30, 2021 at approximately 10:32 AM at the number listed for Plaintiff on the docket for this case, 404-933-5596, leaving a voice message for Plaintiff. (*See* Ex. A, ¶ 3). On April 30, 2021, Counsel for Defendant also sent a letter via Federal Express, Priority Overnight Delivery, to the mailing address listed for Plaintiff on the docket for this case, 3200 Lenox Road

C410, Atlanta, GA 30324, asking Plaintiff to contact Counsel for Defendant so that the Parties could conduct a Rule 26(f) conference, and Defendant received notice that the letter was delivered at that address at 11:01 AM on Monday, May 3, 2021. *Id.*, ¶ 4. To date, Defendant has not received a response from Plaintiff to any of Counsel for Defendant's communications. *Id.*, ¶ 5.

    (b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

        (__) A possibility of settlement before discovery.

        (__) A possibility of settlement after discovery.

        (__) A possibility of settlement, but a conference with the judge is needed.

        (__) No possibility of settlement.

    (c)    Counsel (__) do or (__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

    (d)    The following specific problems have created a hindrance to settlement of this case.

**Defendant's Response**:

Plaintiff failed to respond to Counsel for Defendant's repeated requests for scheduling a Rule 26(f) conference.

**14.** **Trial by Magistrate Judge:**

    (a)    The parties (__) do consent to having this case tried before a magistrate judge of this court.

    (b)    Defendant ( X ) does not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted this 10th day of May, 2021.

                                        */s/ Dionysia Johnson-Massie*
Dionysia Johnson-Massie
Georgia Bar No. 393323
djmassie@littler.com
Eric M. Schultz
Georgia Bar No. 452742
eschultz@littler.com
LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E.
Suite 1200
Atlanta, GA  30326
Telephone:  404.233.0330
Facsimile:   404.233.2361

Attorneys for Defendant
Wellspring Living, Inc.

\* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in Defendant's Preliminary Report and Discovery Plan form completed and filed by Defendant, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2021.

_____
HONORABLE MICHAEL L. BROWN
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| FAITH NJOKU,<br><br>      Plaintiff,<br><br>v.<br><br>WELLSPRING LIVING, INC.,<br><br>      Defendant. | CIVIL ACTION NO. 1:21-cv-01413-MLB |

## CERTIFICATE OF SERVICE

I certify that on May 10, 2021, I electronically filed the forgoing **DEFENDANT'S PRELIMINARY REPORT AND DISCOVERY PLAN** with the Clerk of the Court using the CM/ECF system.

And I hereby do certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

>Faith Njoku, *pro se*
>3200 Lenox Road C140
>Atlanta, GA 30324

*/s/ Dionysia Johnson-Massie*
Dionysia Johnson-Massie
Georgia Bar No. 393323