IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Faith Njoku,

                Plaintiff,

                            Case No. 1:21-cv-1413-MLB

v.

Wellspring Living, Inc.,

                Defendant.

_____/

## ORDER

This matter comes before the Court on Plaintiff Faith Njoku's failure to obey a lawful order of this Court.

**I.   Background**

Plaintiff, proceeding pro se, sued her former employer, Defendant Wellspring Living, Inc. (Dkt. 2-1.) On May 10, 2021, Defendant filed its Preliminary Report and Discovery Plan, in which it stated that Plaintiff had failed to participate in an early planning conference as required by Federal Rule of Civil Procedure 26(f) and Local Rule 16.1 ("Rule 26(f) Conference"). (Dkts. 9; 9-1.) On May 18, 2021, the Court ordered Plaintiff, no later than June 8, 2021, to participate in a Rule 26(f)

Conference with counsel for Defendant and warned Plaintiff that failure to comply with its order "may lead to the Court imposing sanctions, including the dismissal of this case." (Dkt. 11 at 1.) The Court also ordered the parties to notify the Court, no later than June 8, 2021, whether a Rule 26(f) Conference was conducted. (*Id.* at 1–2.) On June 8, 2021, Defendant notified the Court that Plaintiff had continued to refuse to participate in a Rule 26(f) Conference, despite defense counsel's repeated efforts to contact her to schedule it. (Dkt. 12.) Defendant asks the Court to dismiss this case with prejudice as a sanction for Plaintiff's failure to comply with a lawful court order. (*Id.* at 2.)

## II. Discussion

Dismissal of an action is permitted under the Federal Rules of Civil Procedure and this Court's Local Rules for failure to comply with an order of the Court and for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); L.R. 41.3(A)(2), NDGa ("The Court may, with or without notice to the parties, dismiss a civil case for want of prosecution if: . . . [a] plaintiff . . . fail[s] or refuse[s] to obey a lawful order of the Court in the

case."). Plaintiff failed to comply with the Court's May 18th order after being expressly advised that failure to do so may lead to dismissal of the case. (*See* Dkts. 11 at 1; 12.) The Court thus finds dismissal is warranted. *See Riddell v. Florida*, 702 F. App'x 869, 871 (11th Cir. 2017) (per curiam) ("In exercising its authority over the docket, a district court 'need not tolerate defiance of reasonable orders.'" (citing *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009))).

Defendant asks the Court to dismiss this case with prejudice. (Dkt. 12 at 2.) A dismissal with prejudice is proper only when: "(1) a party engages in a clear pattern of delay or willful contempt . . . and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005). The Court does not think Plaintiff's conduct rises to this level at this point in time. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) ("[D]ismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances."). While Plaintiff's conduct has certainly delayed the efficient disposition of this case, it has

not risen to the level of "a clear pattern of delay or willful contempt" sufficient for the dismissal to be with prejudice.

### III. Conclusion

The Court **DISMISSES WITHOUT PREJUDICE** this case and **DIRECTS** the Clerk to close this case.

**SO ORDERED** this 6th day of August, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE